## In re FISCHER.
### Patent Appeal No. 2966.

Court of Customs and Patent Appeals.
May 23, 1932.

Albert F. Robinson, of Washington, D. C., for appellant.

---

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

Appellant has taken this appeal from a decision of the Board of Appeals of the United States Patent Office, affirming that of the Examiner, rejecting claims 34 and 35 of appellant's application for want of invention over the prior art.

Said claims read as follows:

"34. An expansion joint consisting of a pre-formed board-like body of plastic material having one face provided with a groove for interlocking with paving material laid adjacently and in contact with the grooved face of the joint.

"35. An expansion joint consisting of a pre-formed board-like body of plastic material having one face provided with a series of grooves for interlocking with paving material laid adjacently and in contact with the grooved face of the joint."

The reference relied upon is Leach, 1,-241,405, September 25, 1917.

After said decision by the Board of Appeals, which was rendered on October 27, 1930, appellant proposed in a petition to the Commissioner of Patents to amend said claims in certain particulars and add two new claims to be numbered 37 and 38. This petition was denied, with a statement by the Commissioner that, if the Board of Appeals should be of the opinion that said amendments would make claims 34 and 35 allowable, or that proposed claims 37 and 38 should be allowed, it might make an appropriate recommendation with reference thereto.

In a decision rendered on December 27, 1930, denying a motion for rehearing upon the decision here upon appeal, the Board of Appeals declined to recommend the admission of any of said proposed amendments.

Appellant urges here the consideration of said proposed amendments, but we find that in his notice of appeal no error is assigned upon the refusal of the Board to enter said amendments, and for that reason such refusal cannot be considered by us. In re Smith, 36 F.(2d) 522, 17 C. C. P. A. 752. Therefore, the only claims before us are claims 34 and 35, above quoted.

The application relates to an expansion joint composed of fibrous material, making a preformed boardlike body of plastic material, provided with a series of grooves which are adapted to interlock with paving material laid adjacent to, and in contact with, the grooved face of the joint. The purpose of the expansion joint is to prevent injury to the concrete pavement due to temperature changes.

The reference Leach discloses an expansion joint for the same purpose as that of appellant. Several forms of the joint are shown in the drawings and described in the specification. In each of the forms shown, a metal plate comprises one of the members, and in most of the forms two additional members are employed. In one of the drawings only two members are shown. The patentee states that the construction preferred by him consists of a metal plate to form one face of the joint, having grooves, a second member forming the other face of the joint which he states "may be constructed from a sheet of some comparatively heavy material, such as tar-treated cardboard, paper, felt or the like," and between these members there is provided a third member, termed in the specification "an elastic cushion," which may be constructed of elastic felt.

The top edges of all three members are bent upon themselves to provide an enlarged head with the metal member exposed flush with the traffic surface to bridge the space between the paving sections and co-operate therewith as a part of the traffic surface.

The Board of Appeals held that there would be nothing inventive in dispensing with the metal plate shown by Leach, and that there was no patentable distinction between the other elements of the Leach construction and the construction here claimed by appellant.

If the Board was correct in holding that there would be nothing inventive in dispensing with the metal plate shown by Leach, then we should agree with its conclusion that the claims herein are not patentable; but we are of the opinion that the Board erred in holding that there would be nothing inventive in dispensing with said metal plate.

It is well established that there is nothing inventive in omitting a part of a device and also the function of that part. In re Trester, 36 F.(2d) 133, 134, 17 C. C. P. A. 642; In re Fry, 54 F.(2d) 433, 19 C. C. P. A. ——.

■ It is equally well established that omitting a part of a device while retaining the functions of the part omitted may be invention. Richards v. Chase Elevator Co., 159 U. S. 477, 16 S. Ct. 53, 40 L. Ed. 225.

The case of In re Trester, supra, involved a device for constructing concrete curbs. We quote from the opinion as follows:

"The applicant does not contend that his apparatus produces any different result from the Leeder and Whiteway & Sullivan devices. Therefore, the patentable feature, if any, is in the structure of the device. As we look at it, the applicant simply proposes to dispense with the member 'E' in Leeder and the lower portion of the member 6 in Whiteway & Sullivan, and use in lieu thereof the road rail already in situ and entirely independent of the device. In so doing he omits a member used in the prior art and omits also its function. Such a change does not constitute patentability. As is said in Richards v. Chase Elevator Co., 159 U. S. 477, 486, 16 S. Ct. 53, 54, 40 L. Ed. 225:

" 'The novelty, then, must be in the combination, which differs from the combination of an ordinary elevator only in the omission of the storage feature, by which grain is housed in transit, and its identity lost. While the omission of an element in a combination may constitute invention, if the result of the new combination be the same as before, yet, if the omission of an element is attended by a corresponding omission of the function performed by that element, there is no invention, if the elements retained performed the same function as before.' "

The question in the case at bar, in view of the foregoing authorities, is whether appellant's construction performs the functions that are performed by the device of Leach, or whether the omission by appellant of the metal plate shown by Leach involved also the omission of the function performed by said plate.

If the function performed by said plate is retained by appellant in his construction, then the further question arises as to whether the omission of said plate involves invention.

The Examiner in the case at bar in his statement said, referring to the Leach patent: " * * * He uses a corrugated metallic plate presumably for the purpose of reinforcing that structure, but the Examiner does not regard it as invention to eliminate this corrugated plate and to use such fibrated bituminous structure as that shown by Leach without such a plate. * * * "

The Board of Appeals made no contrary finding as to the function of the metal plate of Leach.

■ The rule is that, ordinarily, the application of reinforcing devices to a structure does not involve invention. In re Campbell, 48 F.(2d) 915, 18 C. C. P. A. 1351. The converse, of course, is true, that ordinarily the omission of reinforcing devices from a structure does not involve invention.

In the case at bar, the metal plate of Leach is not merely a reinforcing device, but is an essential part of his structure which is relied upon alone to furnish rigidity to the same. It clearly was the teaching of Leach that his metal plate was necessary, not merely for strengthening his structure, but as an integral part of it, without which it would not perform the functions desired.

There is no indication or suggestion in his disclosure that the metal plate might be dispensed with. In all of his drawings showing in detail different forms of his construction, seven in number, the metal plate is shown.

Leach shows an expansion joint composed of three members, each of different material. Appellant shows an expansion joint of a single material, performing all of the functions of the joint of Leach except the bending over of the top of the metal plate of Leach, which is not here involved. As heretofore observed, the principal function of the metal plate of Leach is to secure rigidity of his joint, and appellant has found that, by his construction, sufficient rigidity of the joint could be secured without the use of the metal plate. In other words, appellant omits a part shown by Leach, but, by means of a different construction, retains its principal function.

The case is therefore differentiated from that of In re Trester, supra, and the question is whether appellant's construction, consisting of a single preformed plastic material, involves invention over the reference Leach.

■ The tribunals of the Patent Office answered this question in the negative, but we are of the opinion that there is at least sufficient doubt of lack of patentability as to require the application of the rule that, in such a case, the doubt should be resolved in favor of the applicant.

For the reasons stated, we are of the opinion that said claims 34 and 35 should be allowed, and the decision of the Board of Appeals is reversed.

Reversed.